FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 AUG 23 P 12: 25
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RAYMOND W. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-098 |
| | ) | |
| JAMES E. DONALD, Commissioner; | ) | |
| VICTOR L. WALKER, Warden of Augusta | ) | |
| State Medical Prison; and AUGUSTA | ) | |
| STATE MEDICAL PRISON STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, seeks to proceed *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. After a review of Plaintiff's history of case filings, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed *in forma pauperis* be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

I. **BACKGROUND**

A prisoner proceeding *in forma pauperis* in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-

134, §§ 801-810, 110 Stat. 1321 (1996).[1] 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Brown v. Barnes, CV101-952 (N.D. Ga. 2001); (2) Brown v.

---

[1] Plaintiff contends that he is not subject to the PLRA because of a statement to that effect in Brown v. Smith et al., CV 602-122, doc. no. 14 (S.D. Ga. 2002). However, the rationale behind that statement applied only if Plaintiff filed a habeas action, and then only in regard to the application of §§ 1915(a)(2) and (b) of the PLRA. United States v. Bazemore, 973 F. Supp. 1475, 1480 (S.D. Ga. 1997), rev'd on other grounds, Bazemore v. United States, 161 F.3d 20 (11th Cir. 1998).

[2] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

2

Sykes, CV103-928 (N.D. Ga. 2003); (3) Brown v. White, CV103-1197 (S.D. Ga. 2003).[3]
As Plaintiff filed a complaint that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted in each of the cases cited above, these previously dismissed cases qualify as strikes under § 1915(g). Plaintiff has at least three strikes under § 1915(g), therefore, he cannot proceed *in forma pauperis* in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In his complaint, Plaintiff fails to raise any allegations that he is in any imminent danger.[4] Therefore, Plaintiff should not be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed *in forma pauperis* be **DENIED** and that this action be **DISMISSED** without

---

[3] Plaintiff has amassed several more strikes in the Northern District of Georgia based on § 1983 cases he filed against persons that were apparently involved in his criminal prosecution.

[4] In fact, it appears from Plaintiff's allegations that he may be attempting to challenge the sufficiency of evidence from his criminal trial that led to his conviction. As Plaintiff is referring to the evidence that led to his conviction and sentence, such a claim would be barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

3

prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED AND RECOMMENDED this 23rd day of August, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE